**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| DULCICH, INC., | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:23-cv-00405 |
| | § | |
| KOLT DAPRON, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER[1]

Pending before me in this case are motions for summary judgment filed by Plaintiff Dulcich, Inc. d/b/a Pacific Seafood Group ("Pacific") and Defendant Kolt DaPron. *See* Dkts. 61, 80. The motions are fully briefed. In connection with that briefing, DaPron has filed a motion to strike evidence attached to Pacific's Reply in Support of Motion for Partial Summary Judgment. *See* Dkt. 88.

DaPron seeks to exclude portions of his own deposition testimony and a declaration by Pacific's Human Resources Manager Kaylee Case. Pacific opposes the motion to strike. *See* Dkt. 94. DaPron argues that the deposition excerpts and declaration should be excluded because the exhibits constitute new evidence that were not previously included in the summary judgment record, and DaPron was not given an adequate opportunity to respond. In his response to Pacific's motion for partial summary judgment, DaPron disputed, for the first time, the validity of his electronic signature on the conditional offer of employment. *See* Dkt. 84 at 20–23. Because a reply brief may address "matters presented by . . . the respondent's response brief," Pacific may submit with its reply brief Case's declaration and

---

[1] District courts in the Fifth Circuit have universally treated motions to strike evidence as non-dispositive matters that a magistrate judge may rule on by order as opposed to a report and recommendation. *See, e.g.*, *Morehouse v. Ameriquest Mortg. Co.*, No. 9:05-cv-75, 2005 WL 8160875, at *1 n.1 (E.D. Tex. July 14, 2005) ("A motion to strike is procedural and non-dispositive in nature and, consequently, may be referred to a United States Magistrate Judge for ultimate determination.").

portions of DaPron's deposition testimony to rebut an argument that DaPron presented for the first time in his response brief. *Robles v. Eminent Med. Ctr., LLC*, 619 F. Supp. 3d 609, 626 (N.D. Tex. 2022) (cleaned up). Thus, I will consider the evidence attached to Pacific's reply "[b]ecause full and complete briefing is useful to the adjudication of this case." *Simmons v. T-Mobile USA*, No. H-06-1820, 2006 WL 3447684, at *1 (S.D. Tex. Nov. 22, 2006).

DaPron acknowledges in his motion to strike that this court can consider the evidence in Pacific's reply "if the court gives the nonmovant an adequate opportunity to respond." Dkt. 88 at 3. Yet, DaPron does not request leave to file a surreply to cure the concerns raised in his motion. Even so, "a court can provide a party with an opportunity to file a surreply even if the party has not asked for it." *Callier v. Jascot Enters., LLC*, No. EP-22-cv-00301, 2024 WL 1494187, at *6 (W.D. Tex. April 5, 2024). Though DaPron urges me "to strike the arguments in the Reply brief, the more expedient course is to grant [DaPron] leave to file a Sur-Reply." *White v. City of Red Oak*, No. 3:13-cv-4477, 2014 WL 11460871, at *1 (N.D. Tex. July 31, 2014).

## CONCLUSION

For the reasons discussed above, I **DENY** DaPron's motion to strike (Dkt. 88). DaPron may, however, file a surreply of no more than 10 pages by **Friday, April 11, 2025**.

SIGNED this 1st day of April 2025.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE